UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Fredkiey Hurley,

           Plaintiff,

   –v–

La Lucha LLC et al.,

           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 05 2016

15-CV-3985 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff brought this Americans with Disabilities Act ("ADA") claim against La Lucha LLC ("La Lucha"), a restaurant in Manhattan. Comp. ¶¶ 2, 5-6. For the reasons articulated below, this action is dismissed for failure to prosecute.

I.    BACKGROUND

    In September 2015, after Plaintiff missed a deadline before the Initial Pretrial Conference in this action, the Court ordered Plaintiff to provide a status update regarding service of Defendants. Dkt. No. 4. Plaintiff did not comply with this order. As a result, on October 26, 2015, the Court indicated that if Plaintiff failed to provide the required update by November 2, 2015, the case would dismissed under Federal Rule of Civil Procedure 4(m). Dkt. No. 5. In response to this order, Plaintiff requested 30 days to prepare an order to show cause for default judgment against Defendants, who had been properly served but failed to appear. Dkt. No. 7. The Court subsequently granted Plaintiff an extension until January 8, 2016 to file his order to show cause for default judgment. Dkt. No. 10. Plaintiff did not submit anything to the Court by this deadline and did not request an extension. Instead, on January 11, 2016, Plaintiff ECF-filed a request for the Clerk of Court to issue a certificate of default. Dkt. No. 11. In response to this

1

filing, the Court provided Plaintiff with instructions on how to properly request a certificate of default from the Clerk of Court. Dkt. No. 12. When Plaintiff did not resubmit a proper request, the Court set a March 11, 2016 deadline for Plaintiff to submit an order to show cause. Dkt. No. 13. The Court emphasized that obtaining a certificate of default was a prerequisite to submitting an order to show cause for default judgment and again provided Plaintiff with instructions on how to do so. *Id*. The Court also warned that failure to submit the order to show cause by the deadline could result in dismissal for failure to prosecute. *Id*.

On March 9, 2016, two days before the order to show cause deadline, Plaintiff improperly ECF-filed another request to enter default. Dkt. No. 14. On March 10, 2016, the Court again provided Plaintiff instructions on how to properly file a request to enter default and *sua sponte* extended Plaintiff's deadline to submit his order to show cause to Friday, March 18, 2016. Dkt. No. 15. The Court warned: "If Plaintiff . . . fails to submit a complete Order to Show Cause [for default judgment] by Friday, March 18, the Court will deny Defendants' request for failure to follow Court rules and Court orders." *Id*. at 2.

After this order, Plaintiff properly filed his request to enter default and the Clerk's Certificate of Default was issued on March 11, 2016. Dkt. No. 17. However, the Court never received Plaintiff's order to show cause for default judgment, which was due on March 18, 2016. On March 23, 2016, the Court ordered Plaintiff to submit a letter no later than March 30, 2016 explaining his failure to comply with the order to show cause deadline. Dkt. No. 18. The Court specifically warned Plaintiff that "this action will be **DIMISSED** for failure to prosecute if Plaintiff fails to submit the required letter by March 30, 2016." *Id*. at 2. Plaintiff did not submit the required letter by the March 30, 2016 deadline.

2

## II. DISCUSSION

"A district court [] has the power to dismiss for failure to prosecute *sua sponte*." *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001). In evaluating a motion to dismiss for lack of prosecution, the Court considers five factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) . . . the efficacy of lesser sanctions.

*Id.* at 180 (quoting *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999). The Court addresses these factors below.

### A. Duration

There are two separate components of the duration inquiry: first, "whether the failures to prosecute were those of the plaintiff"; and second, "whether these failures were of significant duration." *Martens*, 273 F.3d at 180. With respect to the first prong, the court does not attempt to "apportion[] . . . blame between counsel and client," but rather evaluates "whether or not the delay was caused by plaintiff's side as a whole." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). There can be no question that, in this case, the failures to prosecute are those of Plaintiff, who has repeatedly failed to comply with deadlines.

With respect to the second prong, Plaintiff has engaged in a pattern of ignoring court orders since September 2015. First, Plaintiff failed to comply with the Court's order requiring the submission of a joint letter one week before the initial pretrial conference. Dkt. Nos. 3, 4. Plaintiff then failed to provide the status service updated required by the Court. Dkt. Nos. 4, 5. Next, Plaintiff failed to file his order to show cause for default judgment by the January 8, 2016 deadline without requesting an extension. Dkt. Nos. 10, 11. In February and March, Plaintiff

3

repeatedly failed to follow the Court's instructions on properly filing his request to enter default. Dkt. Nos. 12, 13, 15. Next, Plaintiff missed the March 18, 2016 deadline for filing his order to show cause. Dkt. Nos. 15, 18. Finally, Plaintiff missed the March 30, 2016 deadline to explain his failure to timely file his order to show cause. Dkt. No. 18. Thus, Plaintiff has continuously failed to comply with court orders in this case since September 2015, for a period of over six months, and has failed to properly file his order to show cause since January 2016, a period of approximately three months. Notably, the Court has not heard from Plaintiff since March 10, 2016, almost one month ago. Dkt. No. 10. As a result, the Court concludes that Plaintiff's failures to prosecute this action are "of significant duration." *Martens*, 273 F.3d at 180.

**B.     Notice**

Under this prong, the Court must consider whether it has given "express notice that further delays would result in dismissal." *Id.* at 181. "Where a litigant has engaged in a pattern of ignoring court orders, even if each breach individually is not significant, a district court has the power to give the litigant notice that any future breach will result in dismissal of the action." *Chance v. Pac*, 233 F. App'x 27, 29 n.1 (2d Cir. 2007). After months of repeated failures to comply with court orders, the Court warned Plaintiff twice, once in February and once in March, that failure to submit his order to show cause or required explanatory letter by the court-ordered deadline would result in dismissal of his action for failure to prosecute. Dkt. Nos. 13, 18. Most recently, on March 23, 2016, the Court clearly warned Plaintiff that "this action will be **DIMISSED** for failure to prosecute if Plaintiff fails to submit the required letter by March 30, 2016." Dkt. No. 18. at 2. Plaintiff's "complete intransigence in the face of [] clear court order[s]" thus weighs in favor of dismissal. *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666 (2d Cir. 1980).

4

### C. Prejudice

Next, the Court must consider "whether Defendants are likely to be prejudiced by further delay." *Drake*, 375 F.3d at 256 (quoting *Martens*, 273 F.3d at 180) (internal quotation marks omitted). Here, no defendant has appeared. However, "[b]ecause repeated disregard of court orders damages the respect with which the judicial system is held and affects the integrity of the courts, prejudice in such circumstances [may] be presumed." *Chance*, 233 F. App'x at 29 n.1. As a result, this factor also weighs in favor of dismissal.

### D. Court Congestion

The fourth factor the Court must consider is the "balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." *Drake*, 375 F.3d at 257. The Court has expended ample time over the past six months responding to Plaintiff's various failures to comply with court orders. Most substantially, the Court has described repeatedly and in great detail for Plaintiff the proper steps required to move for default judgment. Dkt. Nos. 12, 13, 15. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99-CV-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) (Scheindlin, J.). Because Plaintiff has repeatedly failed to comply with court orders and ignored the court's guidance as to how to properly proceed with this action, the Court finds that this factor weighs in favor of dismissal.

### E. Lesser Sanctions

Finally, district courts must evaluate "whether lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257. "[I]n light of [Plaintiff's] failure to respond to the [February 9, 2016 and March 23, 2016] notice[s] threatening dismissal, it is [] unclear that a 'lesser sanction' would have proved effective in this

case." *Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176, 178 (2d Cir. 2008). In light of the Plaintiff's history of intransigence and recent abstenteeism, the Court finds that no lesser sanction would suffice. As a result, this factor also weighs in favor of dismissal.

## III. CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice for failure to prosecute. The Clerk of Court is directed to close the case.

SO ORDERED.
Dated: April 5, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge